[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONS ON 1. DEFENDANT'S MOTION TO SETASIDE VERDICT (114) 2. DEFENDANT'S MOTION FOR HEARING PURSUANT TOC.G.S. § 52-225 (115) 3. PLAINTIFF'S MOTION TO SET ASIDEVERDICT (FILED 1/27/95) 4. PLAINTIFF'S MOTION FOR ADDITUR (FILED1/27/95)
1.
Defendant withdrew this motion during the hearing.
2.
The finding of the court and order is stated on the motion.
3 and 4.
The issue is whether the verdict of the jury can be supported as a logical and reasonable one upon the evidence. Vanderkruik v.Mitchell, 118 Conn. 625, 631 (1934).
The verdict reads in part:
 "1. Fair, just and reasonable compensation for plaintiff's. . ., injuries:
 Economic Damages $18,315.00 Non-economic Damages 11,685.00 --------- $30,000.00"
The jury found plaintiff to be contributorily negligent by CT Page 2509 twenty percent (20%) and returned a net verdict of $24,000.00.
Guidelines and appropriate law pertinent to these motions are adequately stated in Barbieri v. Taylor, 37 Conn. Sup. 1 (1980) andZarrelli v. Barnum, 6 Conn. App. 322 (1986).
The plaintiff's claimed issues of fact on which plaintiff relies for his motions is that there is room for reasonable difference of opinion among fair minded men in the amount of the non-economic damages above stated.
The test is does the amount awarded "shock the sense of justice" as to what is reasonable, and if so, then the inferred conclusion is that the jury were misguided in reaching its decision. It is the court's duty to set aside the verdict when it finds that it "does manifest injustice and is . . . palpably against the evidence."
The jury were properly instructed under § 52-216(b) that
 "the determination of the amount of damages to be awarded, if any, is solely the jury's function."
The trial covered five and one half days during which the jury observed plaintiff, his wife and daughter and heard all three testify under direct and cross-examination.
To justify setting aside a verdict, something more than a doubt of its adequacy must exist. The amount of damages is within the province of the jury. Whether the court would have reached a different verdict is not in itself decisive.
The court is unable to conclude that the jury were influenced by partiality, prejudice, mistake or by corruption.
Motions 3 and 4 are denied.
John N. Reynolds State Trial Referee CT Page 2510